1  BRADLEY J. HAMBURGER (*pro hac vice forthcoming*)
   MEGAN M. COONEY (*pro hac vice forthcoming*)
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, California  90071-3197
   Telephone:  213.229.7000
4  Email:  bhamburger@gibsondunn.com
   Email:  mcooney@gibsondunn.com
5
   MONTGOMERY Y. PAEK
6  Nevada Bar No. 10176
   AMY L. THOMPSON
7  Nevada Bar No. 11907
   LITTLER MENDELSON, P.C.
8  3960 Howard Hughes Parkway
   Suite 300
9  Las Vegas, Nevada 89169
   Telephone:    702.862.8800
10 Fax No.:       702.862.8811
   Email:  mpaek@littler.com
11 Email:  athompson@littler.com

12 Attorneys for Defendant
   AMAZON.COM SERVICES LLC
13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RAYSHAWN JENKINS,<br><br>                       Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC; and DOES 1-50, inclusive,<br><br>                       Defendants. | CASE NO.   2:24-cv-01562<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND TO PLAINTIFF RAYSHAWN JENKINS AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC ("Amazon")[1] hereby removes to the United States District Court for the District of Nevada the above-captioned state

---

[1] Plaintiff's Complaint incorrectly names Amazon as "Amazon.com Services, LLC." Compl. ¶ 5. The correct name of the entity is Amazon.com Services LLC.

1

court action, originally filed as Case No. A-24-895707-C in the Eighth Judicial District Court of Clark County, Nevada. Removal is proper on the following grounds:

### I. TIMELINESS OF REMOVAL

1. Plaintiff Rayshawn Jenkins filed a putative Class Action Complaint against Amazon in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-24-895707-C, on June 19, 2024. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Class Action Complaint, (b) Initial Appearance Fee Disclosure, (c) Summons, (d) Proof of Service, (e) Stipulation and Proposed Order to Extend Briefing Deadlines, and (f) Notice of Entry of Order are attached as Exhibits A–F to the Declaration of Amy L. Thompson ("Thompson Decl.") attached here to as **Exhibit 1**.

2. According to the Proof of Service of Summons, Plaintiff served Amazon on July 24, 2024. *See* Thompson Decl., Ex. D. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019).

### II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under Rule 23 of the Nevada Rules of Civil Procedure, Nevada's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Thompson Decl., Ex. A ("Compl.") ¶¶ 29, 31.

5. Plaintiff asks the Court for "an order certifying this action as a class action under NRCP 23." Compl., Prayer for Relief ¶ 4. Plaintiff purports to represent "all current and former hourly warehouse workers employed by Amazon at any time during the period from September 20, 2018, until the date of judgment ('Class Period')." Compl. ¶ 6.

6. Plaintiff alleges three causes of action against Amazon: (1) Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016; (2) Failure to Pay Overtime in Violation of NRS 608.018; and (3) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.020-.050. *Id.* ¶¶ 85[2], 35, 42. Specifically, Plaintiff alleges "Amazon failed to pay Plaintiff and Class Members for work performed for each hour spent waiting in line" to "clock[] in" and "undergo security clearance." *Id.* ¶¶ 18, 85. Plaintiff further alleges that "Plaintiff and Class Members worked over 40 hours per workweek without being paid overtime for the hours of compensable time spent waiting in line." *Id.* ¶ 35. In addition, Plaintiff claims that "by failing to compensate Plaintiff and Class Members separated from employment for all hours and overtime hours worked . . . Amazon has failed to timely remit all wages due and owing to Plaintiff and those Class Members" who have "been separated from employment" with Amazon. *Id.* ¶ 42.

7. Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, compensatory damages, and attorneys' fees and costs. *Id.*, Prayer for Relief.

8. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Amazon denies any liability in this case both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class. Amazon also intends to oppose class certification on multiple grounds, including that class treatment is inappropriate under these circumstances, in part because there are many material differences between the experiences of the Plaintiff himself and the putative class members he seeks to represent, as well as amongst the putative class members. Amazon expressly reserves all rights to oppose class certification and contest the merits of all claims asserted in the Complaint. For purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See id.* § 1332(d).

---

[2] There are typographical errors to the numbering in Plaintiff's Complaint. Amazon refers to the numbering here as it appears in the Complaint.

Gibson, Dunn & Crutcher LLP
Attorneys at Law

### A. The Proposed Class Consists of More Than 100 Members

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See id.* § 1332(d)(5)(B).

11. Plaintiff's proposed class includes "all current and former hourly warehouse workers employed by Amazon at any time during the period from September 20, 2018, until the date of judgment ('Class Period')." Compl. ¶ 6. Plaintiff further alleges that "[u]pon information and belief, Amazon employs more than 1,000 Nevadans at Warehouses throughout the state." *Id.* ¶ 14. And according to Amazon's data, between June 25, 2022 and August 3, 2024, Amazon employed at least 5,000 hourly associates at the Fulfilment Center in Nevada where Plaintiff worked. *See* Declaration of George Sandoval ("Sandoval Decl.") ¶ 3(b), attached hereto as **Exhibit 2**. Thus, the putative class exceeds 100 members.

12. This putative class size estimate is conservative because it does not include the entire alleged claims period and it is limited to the putative class for just one facility in Nevada.

13. Accordingly, while Amazon denies that class treatment is permissible or appropriate, the proposed class consists of well over 100 members.

### B. Amazon and Plaintiff Are Not Citizens of the Same State

14. Under CAFA's minimum diversity of citizenship requirement, one of the plaintiffs or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Kastroll v. Wynn Resorts, Ltd.*, 2013 WL 496409, at *2 (D. Nev. Feb. 6, 2013) (citing *Hollinger v. Home States Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)). Additionally, an allegation of minimal diversity is sufficient where the notice of removal provides a "short and plain statement . . . based on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019); *see Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 87 (2014).

16. According to Plaintiff's Complaint, Plaintiff "is a natural person residing in Clark County, Nevada." Compl. ¶ 4. Plaintiff is therefore considered a citizen of Nevada for purposes of removal under CAFA. Further, it is reasonable to assume that a substantial number of the putative class members are also domiciled in Nevada, because Plaintiff alleges that "Amazon employs more than 1,000 Nevadans at Warehouses throughout the state." *Id*. ¶ 14; *see also Ehrman*, 932 F.3d at 1228.

17. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Amazon.com Services LLC is a limited liability corporation whose only member is Amazon Sales, Inc., which is wholly owned by Amazon.com, Inc. *See* Thompson Decl., Ex. G ¶¶ 2–3.

18. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware and each has their principal place of business in Seattle, Washington. *Id.*

19. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. §§ 1332(c)(1) & (d)(2)(A) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). These entities' headquarters, which are located in Washington, constitute their "nerve center[s]" under the test adopted in *Hertz* because their high-level officers oversee the corporation's activities from that location. Thompson Decl., Ex. G ¶ 3. As such, Amazon.com Services LLC is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

20. Accordingly, Plaintiff and Amazon are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

/ / /

/ / /

Gibson, Dunn & Crutcher LLP
Attorneys at Law

**C.     The Amount in Controversy Exceeds $5 Million**

21.     CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. *Id.* § 1332(d)(6). Plaintiff's third claim for penalties pursuant to NRS 608.020-.050 alone puts more than $7.2 million in controversy.

22.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

23.     Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "the amount that will be put at issue in the course of litigation," not "proof of the amount the plaintiff will recover." *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a

prospective assessment of defendant's liability"); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them.").

24. As demonstrated below, although Amazon denies that Plaintiff's claims have any merit, Amazon avers, for purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on his NRS 608.020-.050 claim alone, the requested monetary recovery would exceed $5 million. Amazon reserves the right to present additional evidence establishing the amount placed in controversy by Plaintiff's claims should he challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (quotations and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

    **1. Plaintiff's Claim for Penalties Under NRS 608.020-.050 Places More than $7.2 Million in Controversy**

25. Plaintiff's Third Cause of Action for penalties under NRS 608.020-.050 alone places more than $7.2 million in controversy. Pursuant to NRS § 608.040(1), if an employer fails to pay all wages due an employee within three days after discharge or on the day the wages are due to an employee who resigns or quits, then "the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged or placed on nonworking status until paid or for 30 days, whichever is less."

26. Plaintiff alleges that "by failing to compensate Plaintiff and Class Members separated from employment for all hours and overtime hours worked . . . Amazon has failed to timely remit all wages due and owing to Plaintiff and those Class Members." Compl. ¶ 42.

Gibson, Dunn & Crutcher LLP
Attorneys at Law

1 Plaintiff demands "30 days of wages and an 'employee lien' pursuant to NRS 608.040 and NRS 608.050, together with attorney's fees, costs, and interest as provided by law" for each putative class member "separated from Amazon's employment." *Id.* ¶ 43.

27. Amazon denies that any such penalties are owed to Plaintiff or any putative class members and denies Plaintiff's allegation that such penalties would amount to 30 straight days of wages for each terminated putative class member. But for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the penalties are owed.

28. Plaintiff alleges that the violations he seeks to litigate—failure to pay wages for each hour worked, failure to pay overtime, and failure to timely pay all wages—were committed pursuant to the "same employment policies and practices" that all putative class members were subject to. *Id.* ¶ 31. Based on these allegations, it is reasonable to assume, for the purposes of this jurisdictional analysis *only*, that all putative class members who separated their employment during the alleged class period were not paid all wages owed and are therefore owed penalties. *See, e.g.*, *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682 (9th Cir. 2016) (finding jurisdictional requirement for removal satisfied, in part, where allegations in complaint could support a "100% violation" on meal periods); *Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 WL 5618872, at *3 (C.D. Cal. Sept. 24, 2015) (finding "the amount in controversy is satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice, or other similar language, and where the plaintiff offers no evidence rebutting this violation rate."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) (courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation), *aff'd*, 631 F.3d 1010 (9th Cir. 2011).

29. Between June 19, 2022 and August 3, 2024, Amazon employed at least 3,500 hourly associates in Nevada who separated their employment during that time period. Sandoval Decl. ¶ 3(c). The average daily pay rate for these associates at the time of termination was approximately $17.30/hour. *Id.* ¶ 3(d). These associates worked an average of at least 4 hours per workday. *Id.* ¶ 3(e). Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Third Cause of Action alone is at least **$7,266,000**, calculated as follows:

| | |
|---|---:|
| Average daily rate for associates ($17.30 average hourly rate x 4 average hours worked per day) | $69.20 |
| $69.20 average daily rate x 30 days maximum penalty per associate | $2,076 |
| Maximum penalty per associate x 3,500 (minimum number of putative class members who separated their employment from Amazon between June 19, 2022 and August 3, 2024) | **$7,266,000** |

30. The amount in controversy alleged by Plaintiff on this claim alone exceeds $7.2 million. And Amazon's estimate on this claim is conservative as these calculations do not account for Plaintiff's entire alleged claims period, or for any putative class members who separated their employment from other Amazon facilities throughout Nevada, which would further increase the amount in controversy. Even reducing the potential amount in controversy on this claim by 25% would still place over $5 million ($5,449,500) in controversy and still exceed the jurisdictional threshold imposed by CAFA.

## 2. Plaintiff's Request for Attorneys' Fees Places an Additional $1.8 Million in Controversy

31. Plaintiff also expressly seeks attorneys' fees should he recover for any of the claims in this action. *See* Compl. ¶¶ 1, Prayer for Relief. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922. Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Gonzalez-Rodriguez v. Mariana's Enterprises, et al.*, 2016 WL 3869870, at *6 (D. Nev. July 14, 2016) ("The 'benchmark' percentage award in common fund cases is 25% of the recovery obtained.")

32. Here, Amazon has established that the total amount in controversy for Plaintiff's Third Cause of Action alone is *at least* **$7.2 million**, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. *See* Compl. ¶¶ 1, 43, Prayer for Relief (seeking attorneys' fees). Amazon denies that any such attorneys' fees are owed to Plaintiff or putative class members. But for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the attorneys' fees are owed.

Gibson, Dunn & Crutcher LLP
Attorneys at Law

33. Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding alleged penalties under NRS 608.020-.050 results in estimated attorneys' fees of more than **$1.8 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy from NRS 608.020-.050 Penalties Claim: | $7,266,000 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | $1,816,500 |

**D.     Amazon Has Satisfied Its Burden Under CAFA and No Exception Is Applicable**

34. In summary, Plaintiff's allegations regarding penalties under NRS 608.020-.050 alone place more than $7.2 million in controversy. This amount in controversy calculation underestimates the total amount placed in controversy by Plaintiff's Complaint because it is based on conservative assumptions about Plaintiff's putative class allegations and does not account for, among other things, the several additional Amazon facilities throughout Nevada, nor any recovery sought for failure to pay all wages and overtime (First and Second Causes of Action).

35. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

36. Because Amazon has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as no exceptions apply to this action. Amazon expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

**III.     THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

37. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

Gibson, Dunn & Crutcher LLP
Attorneys at Law

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

38. The United States District Court for the District of Nevada is the federal judicial district in which the Eighth Judicial District Court of Clark County, Nevada sits. This action was originally filed in the Eighth Judicial District Court of Clark County, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

39. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Class Action Complaint, (b) Initial Appearance Fee Disclosure, (c) Summons, (d) Proof of Service, (e) Stipulation and Proposed Order to Extend Briefing Deadlines, and (f) Notice of Entry of Order are attached to the Declaration of Amy L. Thompson, **Exhibit 1**. These filings constitute the complete record of all records and proceedings in the state court available to Amazon.

40. Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Eighth Judicial District Court of Clark County, pursuant to 28 U.S.C. § 1446(d).

Dated: August 23, 2024

Respectfully submitted,

*/s/ Amy L. Thompson, Esq.*
Montgomery Y. Paek, Esq.
Amy L. Thompson, Esq.
LITTLER MENDELSON, P.C.

Bradley J. Hamburger, Esq.
Megan Cooney, Esq.
GIBSON DUNN

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, CA 92101-3577. On August 23, 2024, I served the within document(s):

**DEFENDANT AMAZON.COM SERVICES LLC'S**
**NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Jason Kuller
Rachel Mariner
Shay Digenen
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
jason@rafiilaw.com
rachel@rafiilaw.com
shay@rafiilaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2024, at San Diego, CA.

*/s/ Erin J. Melwak*
Erin J. Melwak
Littler Mendelson

Gibson, Dunn & Crutcher LLP
Attorneys at Law