
Jason Kuller, NV Bar No. 12244
Robert Montes, Jr., *Pro Hac Vice*
CA Bar No. 159137
Rachel Mariner, NV Bar No. 16728
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Phone: 725.245.6056
Fax: 725.220.1802
Email: jason@rafiilaw.com
Email: robert@rafiilaw.com
Email: rachel@rafiilaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAYSHAWN JENKINS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES, LLC, a foreign limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-CV-01562<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016;<br>2. Failure to Pay Minimum Wages in Violation of NRS 608.260;<br>3. Failure to Pay Minimum Wages in Violation of Nev. Const. Art. XV § 16; and<br>4. Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.020-050.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rayshawn Jenkins alleges as follows:

1. This is a class action for unpaid wages and minimum wages, attorneys' fees, costs, and interest under the Nevada Constitution and Nevada Revised States ("NRS") Chapter 608.

2. All allegations in this First Amended Complaint ("Complaint") are based on information and belief except for those allegations pertaining specifically to Plaintiff, which are based on Plaintiff's personal knowledge. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for

further investigation and discovery.

## PARTIES

3. At all relevant times, Defendant AMAZON.COM SERVICES, LLC ("Amazon" or "Defendant") was a foreign limited liability company registered and licensed to do business under Nevada law.

4. Plaintiff RAYSHAWN JENKINS is a natural person residing in Clark County, Nevada. At all relevant times, Plaintiff worked for Defendant in Clark County, Nevada.

5. "Class Members" are all current and former hourly warehouse workers employed by Amazon at one of its fulfillment centers in the State of Nevada[1] at any time during the period from September 20, 2018, until the date of judgment (the "Class Period").

6. The identities of Does 1-50 ("Doe Defendants") are unknown at this time, and this Complaint will be amended at such a time when Plaintiff learn of their identities. Plaintiff are informed and believe that each of the Doe Defendants is responsible in some manner for the acts, omissions, or representations alleged herein.

7. Any reference in this Complaint to "Amazon," "Defendant," "Defendants," "Doe," or "Doe Defendants" shall mean "Defendants and each of them."

## JURISDICTION AND VENUE

8. Plaintiff incorporates and realleges all paragraphs above.

9. This class action was originally filed on June 19, 2024, as Case No. A-24-895707-C in the Eighth Judicial District Court of Clark County, Nevada. On August 23, 2024, Defendant removed this action to the United States District Court of Nevada pursuant to the Class Action Fairness Act of 20005 ("CAFA") under 28 U.S.C. §§ 1332(d), 1441, and 1453. (ECF No. 1.)

10. Venue is proper in this Court because Plaintiff resided in this judicial district, Plaintiff worked for Defendant in this judicial district, and the events and omissions giving

---

[1] This class definition excludes the Amazon Returns Facility in Nevada identified as LAS2.

2
**FIRST AMENDED CLASS ACTION COMPLAINT**

rise to Plaintiff's claims occurred within this judicial district. *See* 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates and realleges all paragraphs above.

12. Amazon operates over 100 fulfillment centers in Nevada and other states across the country. These fulfillment centers are large warehouses where Amazon stores inventory, processes orders, and distributes packages to customers nationwide.

13. Upon information and belief, Amazon operates more than 10 such fulfillment centers in the State of Nevada (collectively "Fulfillment Centers").

14. Plaintiff was employed as an hourly warehouser at the Amazon Fulfillment Center in Las Vegas, Nevada, known as LAS7.

15. Plaintiff and other hourly warehouse workers employed by Amazon have no unique or special skills. They constitute a fungible, disposable labor force who toil under rigid, dehumanizing working conditions for Amazon. Between June 25, 2022, and August 3, 2024, Amazon employed over 5,000 hourly workers at the same LAS7 Fulfillment Center where Plaintiff worked. During that same time frame, over 3,500 of these workers (70%) were separated from employment.

16. Amazon implemented, maintained, and enforced a uniform security screening process at all Amazon Fulfillment Centers in Nevada. This process required Plaintiff and Class Members to wait in line and undergo daily security screenings at the end of each shift ***after Plaintiff and Class Members had already clocked out***. The purpose of these security screenings was to discover or deter employee theft of Defendant's property and to reduce inventory "shrinkage."

17. Plaintiff and Class Members were not compensated for the time spent undergoing security screenings before they were permitted to leave Amazon's Fulfillment Centers and end their workdays. Plaintiff specifically identifies 6/19/2022 through 6/24/2022 as a workweek in which he did not receive compensation for time spent undergoing Amazon's security screenings at the end of each shift. These security screenings lasted approximately 10 minutes but could exceed 20 minutes.

18. Amazon's policy and practice of forcing warehouse workers to undergo a thorough security screening before being released from work and permitted to leave their employer's property was primarily, if not solely, for the benefit of Amazon. At the end of their shifts, hundreds if not thousands of warehouse workers would walk to a centralized timekeeping system to clock out before waiting in line to be searched for possible contraband and stolen warehouse items. Amazon required Plaintiff and Class Members to undergo a TSA-style airport security screening—i.e., requiring them to remove all personal belongings from their person such as wallets, keys, belts, and then pass through metal detectors before being released from work and allowed to leave the facility. Because Amazon also required warehouse workers to leave their cell phones and personal belongings in their vehicles, Plaintiff and Class Members were unable to engage in any personal activities during their time spent waiting in line to be searched.

19. Plaintiff was terminated on or around June 25, 2022, after being falsely accused by Amazon's Loss Prevention Department of stealing a Gatorade during his rest break from a company vending machine.

20. At the time of his termination, Plaintiff was earning approximately $15.30 per hour.

## CLASS ACTION ALLEGATIONS

21. Plaintiff incorporates and realleges all paragraphs above.

22. Plaintiff brings this action on behalf of himself and all Class Members.

23. At all relevant times, Amazon failed to pay wages and minimum wages to Plaintiff and Class Members for time spent waiting in line and undergoing security screenings after clocking out at the end of their shifts ("Security Screening Time").

24. At all relevant times, Amazon failed to pay Plaintiff and Class Members all wages due and owing at the time of their separation from employment.

25. At all relevant times, Plaintiff and Class Members were each an "employee" within the meaning of Nevada law. *See* NRS 608.010; Nev. Const. Art. XV § 16(8)(b).

26. At all relevant times, Amazon was an "employer" of Plaintiff and Class

Members within the meaning of Nevada law. *See* NRS 608.011; Nev. Const. Art. XV § 16(8)(b).

27. At all relevant times, Plaintiff's and Class Members' Security Screening Time constituted compensable work time under Nevada law. *Busk v Integrity Staffing Sols., Inc.* (*In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act & Wage & Hour Litig.*), 905 F.3d 387 (6th Cir. 2018) (multi-district litigation originally filed in Nevada applying Nevada law).

28. Plaintiff brings this action as a class action on behalf of Class Members under Federal Rule of Civil Procedure 23.

29. Plaintiff reserves the right to modify or redefine "Class Members" for purposes of this action and to add subclasses as appropriate based on further investigation, discovery, and theories of liability.

30. Class treatment of Class Members is appropriate under Rule 23 for the following reasons:

    A. ***Numerosity***: Class Members are so numerous that joinder would be impractical, and the disposition of their claims on a class (rather than individual) basis will conserve resources of the parties and judicial system. While the number of Class Members is unknown at this time, this information can be readily ascertained from Defendant's business records. Upon information and belief, Amazon employs, or has employed, over 5,000 Class Members during the Class Period.

    B. ***Commonality***: Common questions of law and fact exist and predominate as to Plaintiff and Class Members, including, but not limited to:

        i. Whether Security Screening Time is compensable under Nevada law;

        ii. Whether Amazon failed to pay wages or minimum wages for Security Screening Time as required by Nevada law; and

        iii. Whether Amazon failed to timely pay Plaintiff and Class Members all wages due and owing upon separation from employment.

    C. ***Typicality***: Plaintiff's claims are typical of the claims of Class Members

because Plaintiff and Class Members were subject to the same employment policies and practices of Amazon during the Class Period, and each sustained damages. Proof of a common or single state of facts will therefore establish the right of Plaintiff and Class Members to recover.

D. *Adequacy*: Plaintiff will fairly and adequately represent the interests of Class Members because Plaintiff is a Class Member and has the same legal and factual issues as Class Members and has no interests antagonistic to Class Members. Plaintiff has retained legal counsel competent and experienced in class actions, including labor and employment litigation. Plaintiff and his counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E. *Superiority*: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Amazon's illegal practice of failing to compensate hourly warehouse workers in accordance with Nevada wage-and-hour law. Class action treatment will permit a relatively large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the prosecution of individual lawsuits by each Class Member would present the risk of inconsistent and contradictory judgments, along with the potential for establishing inconsistent standards of conduct for Amazon and other state employers. Consequently, an important public interest will be served by addressing this matter as a class action.

## FIRST CAUSE OF ACTION

### Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016

**(On Behalf of Plaintiff and Class Members)**

31. Plaintiff incorporates and realleges all paragraphs above.

32. NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works."

33. Hours worked means anytime the employer exercises "control or custody" over an employee. See NRS 608.011 (defining an "employer" as "every person having control or custody of any employment, place of employment or any employee.").

34. Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." N.A.C. 608.115(1).

35. Amazon failed to pay Plaintiff and Class Members for Security Screening Time under the direction and control of Amazon. This violated NRS 608.016, which requires payment for each and every hour worked.

36. Wherefore Plaintiff and Class Members demand payment by Amazon at their regular hourly rate of pay for each and every hour worked during the Class Period, together with attorney's fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of NRS 608.260

**(On Behalf of Plaintiff and the Class Members)**

37. Plaintiff incorporates and realleges all paragraphs above.

38. The Nevada Revised Statutes provide that "[i]f any employer pays any employee a lesser amount than the [Nevada] minimum wage…the employee may, at any time within 2 years, bring a civil action against the employer." NRS 608.260(1).

39. A prevailing employee "is entitled to all remedies available under the law or in equity appropriate to remedy the violation by the employer which may include, without limitation, back pay, damages, reinstatement or injunctive relief; and…[t]he court must award the employee reasonable attorney's fees and costs." NRS 608.260(2).

40. Here, by failing to pay Plaintiff and Class Members any wages whatsoever for Security Screening Time, Defendant failed to pay Plaintiff and Class Members at least minimum wage as required by NRS 608.260.

41. Wherefore Plaintiff and Class Members demand payment by Defendant at their regular pay rate or the minimum wage rate, whichever is higher, for all hours worked during

the Class Period, together with attorney's fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of Nev. Const. Art. XV § 16

**(On Behalf of Plaintiff and Class Members)**

42. Plaintiff incorporates and realleges all paragraphs above.

43. The Nevada Constitution also sets forth minimum wage requirements providing that "[a]n employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs." Nev. Const. Art. XV § 16.

44. Here, by failing to pay Plaintiff and Class Members any wages whatsoever for Security Screening Time, Defendant failed to pay Plaintiff and Class Members at least minimum wage as required by the Nevada Constitution.

45. Wherefore Plaintiff and Class Members demand payment by Defendant at their regular pay rate or the minimum wage rate, whichever is higher, for all hours worked during the Class Period, together with attorney's fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due and Owing at Separation of Employment in Violation of NRS 608.020-050

**(On Behalf of Plaintiff and Class Members)**

46. Plaintiff incorporates and realleges all paragraphs above.

47. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

48. NRS 608.030 similarly provides that an employee who resigns or quits must be paid within seven days or on the next regular payroll date, whichever earlier occurs.

**FIRST AMENDED CLASS ACTION COMPLAINT**

49. NRS 608.040(1) states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or…[o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

50. NRS 608.050 grants a "lien" to every employee separated from employment for the purpose of collecting any wages or compensation due and owing, including up to 30 additional days of compensation "without rendering any service therefor."

51. Here, by failing to compensate Plaintiff and Class Members separated from employment for all hours worked as hereinabove provided, Amazon has failed to timely remit all wages due and owing to Plaintiff and similarly-situated Class Members.

52. Wherefore Plaintiff and Class Members separated from Amazon's employment demand up to 30 days of wages and an "employee lien" pursuant to NRS 608.040 and NRS 608.050, together with attorney's fees, costs, and interest as provided by law. Plaintiff and Class Members also claim a private cause of action to foreclose a lien against Amazon, if necessary, to collect wages due pursuant to NRS 608.050.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of Class Members and all others similarly situated, pray for relief as follows:

1. For compensatory damages, including front pay, back pay, lost wages and benefits, out-of-pocket costs and expenses, emotional distress damages, punitive damages, as well as other special and general damages, according to proof;

2. For damages according to proof of overtime compensation at one and one-half the regular rate of pay under applicable state or federal law for all unpaid or underpaid hours worked over 40 in a week;

3. For 30 days of wages pursuant to NRS 608.040 and 608.050;

4. For an order certifying this action as a class action under FRCP 23 on behalf of

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

the Class Members;

5. For an order appointing Plaintiff as representatives and her counsel as class counsel for Class Members;

6. For interest as provided by law at the maximum legal rate;

7. For reasonable attorneys' fees authorized by statute, common law, or equity;

8. For costs of suit incurred herein;

9. For pre-judgment and post-judgment interest at the maximum legal rate; and

10. For such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 4, 2024   **RAFII & ASSOCIATES, P.C.**

_____
JASON KULLER
Of Counsel
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date shown file stamped on this pleading, I served a copy of the foregoing pleading via electronic service in accordance with the Court's order and Local Rules and that it was served on all parties registered with the Court's CM/ECF system of electronic service.

                                           /s/ Jason J. Kuller
                                           Jason Kuller