UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYSHAWN JENKINS,<br><br>                    Plaintiff,<br>       vs.<br><br>AMAZON.COM SERVICES, LLC,<br><br>                    Defendant. | Case No.: 2:24-cv-01562-GMN-MDC<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss or Stay, (ECF Nos. 30, 31), filed by Defendant Amazon.com Services, LLC. Plaintiff Rayshawn Jenkins filed a Response, (ECF No. 40), and Defendant filed a Reply, (ECF No. 42). Further pending before the Court is Defendant's Motion for Leave to File Document, (ECF No. 45), and Plaintiff's Countermotion for Leave, (ECF No. 47). For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss, GRANTS Defendant's Motion to Stay, GRANTS Defendant's Motion for Leave, and DENIES Plaintiff's Countermotion for Leave.[1]

---

[1] Defendant moves to file supplemental authority consisting of an order in another case in this district, *Solares v. Amazon Services, LLC.*, in which Magistrate Judge Youchah stayed proceedings pending the Portal-to-Portal Act question certified to the Nevada Supreme Court. Case No. 2:24-cv-00881-EJY (D. Nev. May 10, 2024); (*see generally* Mot. Leave, ECF No. 45). "Good cause may exist when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021). Because of the similar procedural posture and legal issues in that case, the Court finds the supplemental authority to be helpful and GRANTS Defendant's motion.

Plaintiff requests that he be allowed to file a surreply to respond to Defendant's argument and contextualize the Magistrate Judge's order. (*See generally* Countermotion Leave, ECF No. 47). However, the Court can parse the similarities and differences between this case and the *Solares* order without Plaintiff's assistance, and Plaintiff has already filed a Response noting his objections to Defendant's Motion for Leave. The Court thus DENIES Plaintiff's Countermotion for Leave to File a Surreply.

## I. BACKGROUND

Plaintiff filed this action on behalf of himself and other class members, current and former Amazon warehouse workers, for unpaid wages. (First Am. Compl. ("FAC") ¶¶ 1–5, ECF No. 27). Plaintiff alleges that after he and the other class members clocked out of their shifts, they were required to wait in line and undergo security screenings to discover and deter employee theft. (*Id.* ¶ 16). They were not compensated for the time spent in these screenings, despite them taking between 10 and 20 minutes daily. (*Id.* ¶ 17). Plaintiff brings causes of action for failure to pay wages in violation of NRS 608.016, failure to pay minimum wages in violation of NRS 608.260, failure to pay wages in violation of the Nevada Constitution, and failure to pay all wages due and owing in violation of NRS 608.020–050. (*Id.* ¶¶ 31–52). Defendant moves to dismiss the case with prejudice, or in the alternative, stay the case.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Motion to Stay

The Court has the discretion "to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to issue a stay, the court must weigh competing interests including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55) (the "*Landis* factors"). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III. DISCUSSION

Defendant moves to dismiss based on its argument that Nevada law is best read as incorporating the Portal-to-Portal Act, even though the Nevada Supreme Court has not yet ruled on the issue. (Mot. Dismiss 1:3–11, ECF No. 30). Alternatively, because Judge Traum certified this precise question to the Nevada Supreme Court on July 2, 2024, Defendant asks the Court to stay this case until the Nevada Supreme Court has decided whether the Portal-to-Portal Act ("PPA") is incorporated into Nevada law. (Mot. Stay 1:12–22, ECF No. 31).

The PPA amended parts of the Fair Labor Standards Act, ("FLSA"). *IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005). In 2014, the Supreme Court held that security screenings required by Amazon at the end of a shift were "noncompensable postliminary activities" under the PPA and FLSA. *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 35 (2014). Plaintiff's claims, however, were not brought under the FLSA, but rather under Nevada state law, and the Nevada Supreme Court has yet to decide whether Nevada state law incorporates the PPA.

Defendant argues that the Court should dismiss Plaintiff's claims regardless, because (1) the Nevada Supreme Court has previously looked to the FLSA when deciding state law wage issues, (2) conduct by Nevada officials has indicated intention to incorporate the PPA into Nevada state law, and (3) the relevant Nevada laws were passed after the PPA took effect. (Mot. Dismiss 3:22–5:11). Defendant further asserts that even though two courts have come to a different conclusion, neither are binding decisions on this Court. (*Id.* 5:12–6:15). In the first case, another court in this district denied Amazon's motion to dismiss because Nevada had not incorporated the PPA and found that time spent waiting for Covid-19 screenings was "work." *Malloy v. Amazon.com Servs., LLC*, No. 2:22-cv-00286-ART-MDC, 2024 WL 3276274, at *2 (D. Nev. July 1, 2024). In *Malloy*, Judge Traum also certified a question of law to the Nevada Supreme Court: "Does Nevada law incorporate the PPA?" *Id.* at *3. On October 24, 2024, the Nevada Supreme Court accepted the certified question and ordered Amazon to file its opening brief. (Resp. 8:16–17). Second, in a Sixth Circuit case, the court decided that Nevada does not incorporate the federal PPA into its wage statutes. *See In re: Amazon.Com, Inc. Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 905 F.3d 387, 402–04 (6th Cir. 2018). It reasoned that "[a]bsent any affirmative indication that the Nevada legislature intended to adopt the Portal-to-Portal Act, there is no reason to assume that it did." *Id.* at 403.

Because this is an unsettled question of Nevada state law, the Court finds the most appropriate resolution to be a stay of the case while the Nevada Supreme Court decides the question, rather than a dismissal of Plaintiff's claims. Plaintiff opposes the stay. He argues that staying the claims will inject uncertainty and delay because the issues of this case should be decided following "the controlling precedent" of the Sixth Circuit case. (Resp. 12:6–13). Plaintiff cites no case law for the proposition that the Sixth Circuit's decision is binding or controlling on this Court, and the Ninth Circuit has explained that circuit law binds only the courts within *that* circuit. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). Plaintiff

further provides no elaboration as to why the Nevada Supreme Court's decision would inject uncertainty into the case or fail to simplify the issues. Whether Nevada law incorporates the PPA is a central issue to this case, and as described below, this Court will be bound by the Nevada Supreme Court's interpretation of Nevada law.

Plaintiff also argues that the Sixth Circuit's decision bars Defendant's arguments via issue preclusion. (Resp. 11:17–23). However, the Sixth Circuit's decision is not preclusive when it comes to issues of Nevada state law. Federal courts must respect the decisions of state supreme courts as the ultimate interpreters of state law. *See U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 868 (9th Cir. 2021); *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623–24 (9th Cir. 2019) (holding that the Ninth Circuit's earlier decision on a question of Nevada law "no longer controls the analysis" because "the Nevada Supreme Court later rejected [our] interpretation of the Nevada statutory scheme"). The Court also does not find Plaintiff's arguments for hardship and prejudice caused by a stay to be convincing, because potential harm exists to both parties if they must proceed with litigation and its associated expenses while the Nevada Supreme Court decides the central issue here. Therefore, the Court exercises its discretion to stay the case pending the Nevada Supreme Court's decision as to whether Nevada state law incorporates the PPA.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave, (ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Leave to File a Surreply, (ECF No. 47), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay, (ECF No. 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties file a Joint Status Report on June 25, 2025, and every three months after that, addressing the status of the Nevada Supreme Court's decision in *Malloy*.

**IT IS FURTHER ORDERED** that when the Nevada Supreme Court issues its decision in *Malloy*, the parties file a Motion to Lift Stay within 30 days so litigation may resume.

**DATED** this __25__ day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court